Randy M. Andrus (10392)
**ANDRUS LAW FIRM, LLC**
299 South Main Street, Suite 1395
Salt Lake City, Utah 84111-2241
Telephone: (801) 535-4645
Email: randy@andrusfirm.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TIRHAS MITKU;**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**ULTRADENT PRODUCTS, INC.;**<br>**DOES** 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-cv-00414-HCN-JCB<br><br>**PLAINTIFF'S SHORT FORM EXPEDITED DISCOVERY MOTION TO COMPEL DOCUMENTS FROM JEREMY SHARPE AND DEFENDANT, AND TO EXTEND DEADLINES REGARDING JEREMY SHARPE INCLUDING TO COMPLETE HIS DEPOSITION**<br>**(with Exhibits A−F)**<br><br>[Fed. R. Civ. P. 26, 45; 16(b)(4)]<br><br>Honorable Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

　　　　A party denied discovery may move for Court assistance. Plaintiff Mitku served a Rule 45 Subpoena for documents to Defendant's designated damages expert, Jeremy Sharpe. Response to the Subpoena remains deficient and evasive as does Defendant's Rule 26 disclosure obligations despite good faith meet and confer efforts. Mitku seeks an order compelling documents, and for an order extending deadlines regarding Sharpe to complete his deposition and to exclude his testimony.

## BACKGROUND

This story is about righting wrongs for pregnant women in the workplace—holding Defendant accountable to their policies, promises, and treatment of female workers. Mitku suffered a severe disabling pregnancy with life-threatening complications, hyperemesis gravidarum. Mitku was discriminated against and fired wrongfully.

## RELIEF SOUGHT

1. **DOCUMENTS**:   **Sharpe and Defendant Must Produce all Documents**

**Subpoena Document Requests 1, 2, 3, 4, 6:**   A Subpoena under Rule 45 requires production of documents (**EXHIBIT A**).  Sharpe has failed to produce documents pursuant to the Subpoena.  Rule 26 requires Defendant to disclose expert documents.  Instead, they assert evasive objections (**EXHIBIT B**) and a belated inadequate privilege log.  Under Rules 45 and 26(b)(4)(C), Mitku is entitled to documents, including at a minimum, all communications between Sharpe and Defendant's counsel, which:

   (i)     relate to compensation for the expert's study or testimony

   (ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinion to be expressed

   (iii)   identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed

Sharpe produced no documents in response to the Subpoena, not even a Declaration of Custodian of Records stating he has no documents.  Defendant's counsel has not disclosed or produced all documents, including *not one* of the communication(s) with Sharpe.  Instead, Sharpe and Defendant have sandbagged Mitku's efforts to obtain

documents, with evasive objections. *See* Meet & Confer Letters (**EXHIBIT C**) and emails (**EXHIBITS D−F**). The documents are germane to the claims, defenses, and Sharpe's deposition.

2. <u>**SHARPE DEPOSITION, DEADLINES**</u>**: That Deadlines as to Sharpe be Extended**

Mitku seeks a brief extension for the deposition and deadlines as to Sharpe. The Subpoena was duly issued and served with a production date of November 18, 2021. The deposition of Sharpe was noticed for December 9, but was *suspended* due to non-production/non-disclosure of documents. Efforts have been unsuccessful to find a mutually-convenient date for completion of Sharpe's deposition before the expert discovery cut off of December 17, 2021, and given counsel's absence from the state December 12−17. Mitku requests a brief extension of the December 17 and January 17 Scheduling Order deadlines as to Sharpe (ECF No. 33, items 5.a. and 5.c).

<u>**CERTIFICATION MEET AND CONFER**</u>

This is to certify reasonable good faith efforts, with four Meet & Confer Letters, emails, and telephone conference calls on December 7, 2:30pm; 10, 3:00pm with attorney Menssen; December 16, 12:55pm with attorney Shurman.

This Motion is necessary to discover expert issues and trial preparation. Mitku requests her Motion be granted, with attorney fees.

DATED this 17th day of December 2021    **ANDRUS LAW FIRM, LLC**

BY: <u>/s/ Randy M. Andrus</u>
**RANDY M. ANDRUS**
*Attorney for Plaintiff*
**TIRHAS MITKU**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December 2021, a true and correct copy of the **PLAINTIFF'S SHORT FORM EXPEDITED DISCOVERY MOTION TO COMPEL DOCUMENTS FROM JEREMY SHARPE AND DEFENDANT, AND TO EXTEND DEADLINES REGARDING JEREMY SHARPE INCLUDING TO COMPLETE HIS DEPOSITION (with Exhibits A−F and Proposed Order)** was mailed via electronic mail, U.S. mail postage prepaid and/or CM/ECF, to the following:

| | |
|---|---|
| Lauren A. Shurman, Esq.<br>Michael R. Menssen, Esq.<br>Stoel Rives LLP<br>201 S. Main Street, Suite 1100<br>Salt Lake City, Utah 84111<br>Telephone: (801) 328-3131<br>lauren.shurman@stoel.com<br>michael.menssen@stoel.com<br>*Attorneys for Defendant*<br>ULTRADENT PRODUCTS, INC. | VIA CM/ECF |
| Jeremy Sharpe<br>Sharpe Economics<br>513 South 1425 West<br>Layton, Utah 84041<br>jsharpe@sharpeecon.com | VIA ELECTRONIC MAIL |

                                                /s/ Randy M. Andrus