# EXHIBIT B

# Responses and Objections

Lauren A. Shurman (#11243)
lauren.shurman@stoel.com
Michael R. Menssen (#15424)
michael.menssen@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

*Attorneys for Defendant Ultradent Products, Inc., Jeremy Sharpe and Sharpe Economics*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIRHAS MITKU,<br><br>Plaintiff,<br><br>v.<br><br>ULTRADENT PRODUCTS, INC.;<br>DOES 1 through 50,<br><br>Defendant. | **JEREMY SHARPE'S, SHARPE ECONOMICS', AND ULTRADENT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM**<br><br>Case No. 2:19-cv-00414-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

Pursuant to Federal Rules of Civil Procedure 26 and 45, Defendant Ultradent Products, Inc. ("Ultradent") and its retained expert, Jeremy Sharpe of Sharpe Economics ("Mr. Sharpe"), hereby respond and object to the subpoena served upon Mr. Sharpe on November 1, 2021 as follows:

### GENERAL OBJECTION TO THIS SUBPOENA

Ultradent objects that the majority of the documents requested by the subpoena are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3) and 26(b)(4). Indeed, Rule 26(b)(4)(B) protects all drafts of any expert report or disclosure, regardless of the form in


EXHIBIT
Motion to Compel
B

which the draft is recorded, and Rule 26(b)(4)(C) protects all communications between a party's attorney and an expert witness, regardless of the form of the communications, unless the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Ultradent, as the holder of the privilege will not consent to the production of any document protected by Rule 26 or otherwise privileged.

Ultradent also objects to the use of a subpoena to compel documents from Ultradent's retained expert. Rule 26 sets forth the disclosures that must be made by an expert witness. As one court has recognized, "the broad discovery provisions of Rules 34 and Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4). The expert disclosure and discovery limitations of Rule 26 represent a reasoned balance between sufficient expert disclosures and unfettered expert discovery as expressed in case law and the documented discussions of the Rules Committee." *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *6 (D. Neb. Jan. 13, 2014); *see also Quaile v. Carol Cable Co.*, No. 90-7415, 1992 WL 277981, at *2 (E.D. Pa. Oct. 5, 1992) (recognizing "that a subpoena under Fed.R.Civ.P. 45, with respect to experts expected to be called at trial, is limited by Fed.R.Civ.P. 26."); *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D.Va. 1992) (noting that subpoena for production of documents directed to non-party expert retained by a party is not within ambit of Rule 45). Notwithstanding this objection, Ultradent will not withhold documents based on the objection that Rule 45 should not be used for retained experts; instead, Ultradent will produce responsive documents not protected from disclosure by Rule 26 or otherwise privileged.

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** All notes, letters, emails, memos, reports or other documents, items or evidence made in regard to this case, including but not limited to document in reference to telephone conversations, or other communications, calculations, your opinion, bills, research or your testimony in this case.

**RESPONSE TO REQUEST NO. 1**: Ultradent and Mr. Sharpe object to this request to the extent it calls for documents considered privileged and protected from disclosure, including those described in Rule 26(b)(3) and 26(b)(4) of the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Mr. Sharpe does not possess any non-privileged documents responsive to this request.

**REQUEST NO. 2:** All documents or other items or evidence reviewed or received by you in regard to this matter, including any documents, letters, emails obtained from attorneys Lauren A. Shurman and/or Michael R. Menssen, the law firm of Stoel Rives, LLP, Ultradent Products, Inc., including anyone on his/her/its/their behalf.

**RESPONSE TO REQUEST NO. 2**: Ultradent and Mr. Sharpe object to this request to the extent it calls for documents considered privileged and protected from disclosure, including those described in Rule 26(b)(3) and 26(b)(4) of the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Mr. Sharpe does not possess any non-privileged documents responsive to this request that were not already included with his expert report as attachments or, if part of the record of this case and already within plaintiff's possession, were specifically cited as documents reviewed.

3

**REQUEST NO. 3:** All documents, literature or other items or evidence relied upon by you in the forming of your opinion in this case, including but not limited to the articles and/or other information identified in your Report, including the Report dated October 22, 2021.

**RESPONSE TO REQUEST NO. 3**: Ultradent and Mr. Sharpe object to this request on the grounds that "relied upon by you in the forming of your opinion in this case" is vague and ambiguous to the extent it captures documents, literatures, and other items that form Mr. Sharpe's background knowledge and general expertise related to his testimony. As such, this request could be interpreted as asking for documents beyond those required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Ultradent and Mr. Sharpe will interpret this request to call for documents that Mr. Sharpe directly relied upon in forming his opinion. Subject to and without waiving these objections, all documents Mr. Sharpe directly relied upon in forming his opinion of the case were either: (1) included with his expert report as attachments, (2) specifically cited as documents reviewed, if part of the record of this case and already within plaintiff's possession, or (3) will be produced in connection with this response.

**REQUEST NO. 4:** All documents, items or evidence that refer to, relate to or contain your opinion in this matter.

**RESPONSE TO REQUEST NO. 4**: Ultradent and Mr. Sharpe object to this request to the extent it calls for documents considered privileged and protected from disclosure, including those described in Rule 26(b)(3) and 26(b)(4) of the Federal Rules of Civil Procedure. Ultradent and Mr. Sharpe further object on the grounds that this request calls for *all* documents that contain his opinion, including duplicative and privileged documents. Subject to and without waiving these objections, and consistent with the requirements of Rule 26, Mr. Sharpe's opinion in this

4

matter is contained in his expert report that has been served upon Plaintiff in this matter, together with any deposition that may be taken and any supplementation made under Rule 26(e). No additional non-privileged documents currently exist.

**REQUEST NO. 5**:  Any and all reports prepared by you including preliminary reports or letters containing your opinion.

**RESPONSE TO REQUEST NO. 5**:  Ultradent and Mr. Sharpe object to this request on the grounds that "reports" and "your opinion" are undefined and not limited to this litigation. Ultradent and Mr. Sharpe will interpret this request to be calling solely for documents related to this litigation. Ultradent and Mr. Sharpe further object to this request on the grounds it calls for documents considered privileged and protected from disclosure, including those described in Rule 26(b)(3) and 26(b)(4) of the Federal Rules of Civil Procedure. Indeed, preliminary drafts are specifically protected from disclosure by Rule 26(b)(4)(B). Subject to and without waiving these objections, Mr. Sharpe's final report has already been produced in this case. No additional non-privileged documents currently exist.

**REQUEST NO. 6**:  Any and all bills by you in this matter and your engagement letter.

**RESPONSE TO REQUEST NO. 6**:  Any responsive documents will be produced.

DATED: November 18, 2021.

        STOEL RIVES LLP

        */s/ Lauren A. Shurman*
        Lauren A. Shurman
        Michael R. Menssen

        *Attorneys for Defendant Ultradent Products, Inc., Jeremy Sharpe and Sharpe Economics*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2021, I caused a true and correct copy of the foregoing **JEREMY SHARPE'S, SHARPE ECONOMICS', AND ULTRADENT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM** to be served via email upon the following:

Randy M. Andrus
ANDRUS LAW FIRM, LLC
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2241
randy@andrusfirm.com

*/s/ Rose Gledhill*