# EXHIBIT C

## Meet & Confer Letters (4)



RANDY M. ANDRUS
TRIAL LAWYER
OFFICE: 801535.4645
RANDY@ANDRUSFIRM.COM
WWW.ANDRUSFIRM.COM

299 SOUTH MAIN STREET, SUITE 1395
SALT LAKE CITY, UTAH 84111-2241

# MEET & CONFER LETTER

December 3, 2021

Jeremy Sharpe                                    via electronic mail
Sharpe Economics                                 jsharpe@sharpeecon.com
513 South 1425 West
Layton, Utah 84041

Lauren A. Shurman                                via electronic mail
Stoel Rives LLP                                  lauren.shurman@stoel.com
201 S. Main Street, Suite 1100
Salt Lake City, Utah 84111

Re:     *Tirhas Mitku v. Ultradent Products, Inc.*
        U.S. District Court, Utah, Case No. 1:19-cv-00414-HCN-JCB

Dear Mr. Sharpe and Ms. Shurman:

This is an attempt to Meet & Confer with you regarding the deficiencies in the Jeremy Sharpe's, Sharpe Economics', and Ultradent's Responses and Objections to Plaintiff's Subpoena Duces Tecum dated November 18, 2021, to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Case, served November 1, 2021.

**Request 1** asks that Mr. Sharpe/Sharpe Economics identify and produce, "All "documents", "writings", and other items, including notes, letters, emails, memos, research, reports or other documents, items or evidence made in regard to this case, including but not limited to document in reference to telephone conversations, or other communications, calculations, your opinion, bills, research or your testimony in this case."

The objections are not well taken and evasive. While *Federal Rules of Civil Procedure*, may limit disclosure of some documents, Rule 26(b)(4)(C) does not limit documents which:

(i)     relate to compensation for the expert's study or testimony;

(ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinion to be expressed; or

(iii)   identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**EXHIBIT**

Motion to Compel

**C**

exhibitsticker.com

Page 2
Jeremy Sharpe
Sharpe Economics
Lauren A. Shurman
Stoel Rives LLP
December 3, 2021

Obviously, your making broad, blanket, boilerplate objections are improper, as is the statement that "Mr. Sharpe does not possess any non-privileged documents responsive to this request." It is also impossible to test such objections such documents without a privilege log. Please produce all responsive documents besides those Bates-stamped Sharpe0001−Sharpe 00292. If any documents are withheld, please identify them in a detailed privilege log.

**Request 2** asks that Mr. Sharpe/Sharpe Economics identify and produce, "All "documents", "writings", and other items or evidence reviewed or received by you in regard to this matter, including any documents, letters, emails obtained from attorneys Lauren A. Shurman and/or Michael R. Menssen, the law firm of Stoel Rives, LLP, Ultradent Products, Inc., including anyone on his/her/its/their behalf."

Again, the objections are not well taken and are evasive. Making broad, blanket, boilerplate objections are improper, as is the statement that "Mr. Sharpe does not possess any non-privileged documents responsive to this request..." It is also impossible to test such objections such documents without a privilege log. Please produce all responsive documents. If any documents are withheld, please identify them sufficiently in a detailed privilege log.

**Request 3** asks that Mr. Sharpe/Sharpe Economics identify and produce, "All "documents", "writings", and other items or evidence relied upon by you in the forming of your opinion in this case, including but not limited to the articles, literature, data, research, and/or other information, including, without limitation, to any identified in your Report dated October 22, 2021".

Again, the objections are not well taken and evasive. Making broad, blanket, boilerplate objections are improper. It is also impossible to test such objections such documents without a privilege log. Please produce all responsive documents. If any documents are withheld, please identify them sufficiently in a detailed privilege log.

**Request 4** asks that Mr. Sharpe/Sharpe Economics identify and produce, "All documents, items or evidence that refer to, relate to or contain your opinion in this matter".

Again, the objections are not well taken and evasive. Making broad, blanket, boilerplate objections are improper. It is also impossible to test such objections such documents without a privilege log. Please produce all responsive documents. If any documents are withheld, please identify them sufficiently in a detailed privilege log.

**Request 6** asks that Mr. Sharpe / Sharpe Economics identify and produce, "Any and all bills by you in this matter and your engagement letter".

Page 3
Jeremy Sharpe
Sharpe Economics
Lauren A. Shurman
Stoel Rives LLP
December 3, 2021


      The Response to Request 6 states that "Any responsive documents will be produced." However, my review of the production appears to contain none of these requested documents. If this is incorrect, please identify the documents by Bates-stamp numbers. Please produce all responsive documents. If any documents are withheld, please identify them sufficiently in a detailed privilege log.

      I am amenable to meeting and conferring with you by telephone or in person and am available on Monday, December 6, 2021, at 3:30 pm or Tuesday, December 7, 2021, at 11:00 am or 2:30 pm.

Sincerely,

**ANDRUS LAW FIRM, LLC**

*Randy M. Andrus*

**RANDY M. ANDRUS**
Attorney at Law



RANDY M. ANDRUS
TRIAL LAWYER
OFFICE:  801535.4645
RANDY@ANDRUSFIRM.COM
WWW.ANDRUSFIRM.COM

299 SOUTH MAIN STREET, SUITE 1395
SALT LAKE CITY, UTAH 84111-2241

# MEET & CONFER LETTER #2

December 7, 2021

Jeremy Sharpe                                             via electronic mail
Sharpe Economics                                         jsharpe@sharpeecon.com
513 South 1425 West
Layton, Utah 84041

Lauren A. Shurman                                        via electronic mail
Michael R. Menssen                                       lauren.shurman@stoel.com
Stoel Rives LLP                                          michael.menssen@stoel.com
201 S. Main Street, Suite 1100
Salt Lake City, Utah 84111

Re:     *Tirhas Mitku v. Ultradent Products, Inc.*
        U.S. District Court, Utah, Case No. 1:19-cv-00414-HCN-JCB

Dear Mr. Sharpe, Ms. Shurman, and Mr. Menssen:

I am disappointed that Mr. Sharpe did not respond to my Meet & Confer Letter of December 3, 2021, and also that he was not on the Meet & Confer conference call today so we could adequately address the concerns regarding the records Subpoena which was duly served upon him on November 1, 2021. Only Mr. Menssen and I were on the call, and we discussed issues in a limited way regarding the Response and Objections dated November 18, 2021.

To summarize, Mr. Menssen refused to provide an amended or supplemental response, and refused to withdraw any of the objections—even boilerplate non-privilege objections—as to Requests 1, 2, 3, and 4.  I requested, and do so again, that an amended or supplemental response be provided withdrawing any non-privilege objection; providing all requested documents; and that Mr. Sharpe and Ultradent state in an amended or supplemental response that all requested documents have indeed been produced or that they do not exist. To the extent, any document is withheld based on any privilege, Mr. Menssen agreed to provide a detailed privilege log so I can assess the documents being withheld, although no date was committed to. Mr. Menssen also agreed that he had no objection to producing the time, billing and any other records such as an invoice he referred to (which he would produce today or tomorrow given that Mr. Jones of his office was in trial), relating to the compensation for the study or testimony of Mr. Sharpe (Request 6).

Page 2
Jeremy Sharpe
Sharpe Economics
Lauren A. Shurman
Michael R. Menssen
Stoel Rives LLP
December 7, 2021

With respect to the above Requests, we also discussed and identified that there may well be responsive documents, such as, without limitation, page 2, items a. – o., and elsewhere, identified in Mr. Sharpe's report of October 22, 2021, including those which may contains such things as notes, handwritings, and/or other markings pertaining to what Mr. Sharpe considered and identifying assumptions provided and/or relied upon in forming any opinion to be expressed. To Mr. Menssen's suggestion that such documents might include such items as Mr. Sharpe's college notes for his educational degrees or credentials, I agreed that such items are not being sought and need not be produced.

As discussed, and provided again with this letter is a copy of the Declaration of Custodian of Records to Accompany Copies of Records, for Mr. Sharpe to date, sign, and provide to me.

In light of the above, and the need to receive and review all documents as well as the privilege log, yet to be provided or addressed, the deposition of Mr. Sharpe noticed for this Thursday, December 9, 2021, is suspended.  I proposed a stipulation to extend the completion of the deposition given my absence from the state next week and the upcoming Christmas and New Year holidays. I proposed that the deadline to complete Mr. Sharpe's deposition be January 10, 2022. Mr. Menssen indicated that he would need to talk to Mr. Shurman and that he would get back to me.  Please confirm in writing by end of business, December 9, 2021, that you stipulate to this extension.

Sincerely,

**ANDRUS LAW FIRM, LLC**

*Randy M. Andrus*

**RANDY M. ANDRUS**
Attorney at Law

Enclosure

## DECLARATION OF CUSTODIAN OF RECORDS
## TO ACCOMPANY COPIES OF RECORDS

STATE OF UTAH        )

                     )     Case No. 2:19-cv-00414-HCN-JCB

COUNTY OF _____ )

I, _____, depose and say as follows:

Initial: _____    1.    I am the duly authorized **Records Custodian for Jeremy Sharpe**, including Sharpe Economics, and I have caused a search to be completed for documents responsive to the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action, dated October 27, 2021 ("Subpoena"), and I have the authority to certify the records attached hereto, if any, and I certify as follows:

_____    2.    The copies or originals of the Records attached to this Declaration are true and correct, and include all documents responsive to the Subpoena; and

_____    3.    That the records were prepared by personnel of this office, or persons acting under their control, in the ordinary course of business at or near the time of the act, condition or event.

## OR

_____    4.    I am the duly authorized **Records Custodian for Jeremy Sharpe**, including Sharpe Economics, and I have caused a search to be completed for documents responsive to the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action, dated October 27, 2021 ("Subpoena"), and I have none of the records responsive to the Subpoena.

_____    A.   Responsive records were destroyed _____ (date) in accord with our document retention policy. Records are discarded after _____ years.

_____    B.   No responsive documents exist.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Print Name



RANDY M. ANDRUS
TRIAL LAWYER
OFFICE: 801.535.4645
RANDY@ANDRUSFIRM.COM
WWW.ANDRUSFIRM.COM

299 SOUTH MAIN STREET, SUITE 1395
SALT LAKE CITY, UTAH 84111-2241

## MEET & CONFER LETTER #3

December 9, 2021

Jeremy Sharpe                                          via electronic mail
Sharpe Economics                                       jsharpe@sharpeecon.com
513 South 1425 West
Layton, Utah 84041

Lauren A. Shurman                                      via electronic mail
Michael R. Menssen                                     lauren.shurman@stoel.com
Stoel Rives LLP                                        michael.menssen@stoel.com
201 S. Main Street, Suite 1100
Salt Lake City, Utah 84111

Re:   *Tirhas Mitku v. Ultradent Products, Inc.*
      U.S. District Court, Utah, Case No. 1:19-cv-00414-HCN-JCB

Dear Mr. Sharpe, Ms. Shurman, and Mr. Menssen:

I have reviewed Mr. Menssen's email of December 7, 2021, which followed the Meet & Confer call I had with him only that day and my Meet & Confer Letters #1 and #2. Unfortunately notwithstanding, there remain some serious outstanding issues and deficiencies.

First, there continues to be a refusal by Mr. Sharpe, Sharpe Economics, and Ultradent to withdraw the evasive, boilerplate, blanket, broad, and privilege objections, and to provide an amended or supplemental response and production to Requests 1, 2, 3, and 4.

Second, there also appears to be a refusal by Mr. Sharpe and Sharpe Economics to provide the signed Declaration of Custodian of Records to Accompany Copies of Records subpoenaed.

Third, the invoice produced, Bates-stamped Sharpe0293, suggests that other records exist which relate to compensation, such as the actual time records and any retention, retainer, fee, engagement agreement/letter, and/or any communication relating to same. Sharpe0293 appears to have been created from something else, long after the fact, even after the establishment of compensation, and the service of the Subpoena.

Fourth, Mr. Menssen's email completely ignores the requested documents addressed in the conference call, namely those referenced in Mr. Sharpe's report of October 22, 2021, page 2, items a. – o., all of which are *still not produced*, including those containing such records as notes,

Page 2
Jeremy Sharpe, Sharpe Economics
Lauren A. Shurman, Michael R. Menssen, Stoel Rives LLP
December 9, 2021

handwritings, and/or other documents with markings pertaining to what Mr. Sharpe considered, and identifying assumptions provided and/or relied upon in forming any opinion to be expressed.

Fifth, while Mr. Menssen's letter refers to Rule 26(b)(3) and (4), it evades the specific requirements of Rule 26(b)(4)(C)(i), (ii), and (iii). Moreover and importantly, the discovery Subpoena which was duly-served on *Mr. Sharpe and Sharpe Economics* indicates—*on its face*—that it was issued and served pursuant to Rule 45. *Mr. Sharpe and Sharpe Economics*—to whom the Subpoena was directed and personally served—have obligations to comply with a Rule 45 Subpoena for records. The time to seek any protective order was *before* November 18, 2021, which is long past. One way for you *Mr. Sharpe and Sharpe Economics*, to begin in good faith to clear this up is to complete, sign, date, and return to me the Declaration of Custodian of Records.

Sixth, as to Mr. Menssen's belated privilege log, there are a number of questions and issues. For example, all of the entries appear to be emails with the questionable and disputed indication "without any items". Despite that, where are the emails and documents "with" the items called for under 26(b)(4)(C)(ii) and (iii)? Additionally, the log uses the abbreviation "AC" representing attorney-client privilege. I take that to mean that you might be suggesting that Mr. Sharpe has an attorney-client relationship with Stoel Rives, LLP, Ms. Shurman, and/or Mr. Menssen. Please provide the written attorney-client retainer/fee agreement. The log also uses the abbreviation "WP" representing attorney work product. However, because there is presumably no attorney-client relationship, there can be no work product as the documents are shared with a person outside the attorney-client relationship. Please either produce the written attorney-client fee agreement or withdraw these otherwise meritless assertions, and produce the requested listed documents. Moreover, both AC and WC were not timely asserted in the belated Subpoena response, and have therefore been waived.

Seventh, the other arguments made in Mr. Menssen's email, including that somehow my requests are untimely, are without merit. As you know, production of the documents pursuant to the Subpoena was required at or before November 18, 2021, at 9:00 am. That did not happen. What documents and response were provided, were provided untimely.

I am amenable to making another attempt at meeting and conferring with you, insisting that Mr. Sharpe and Sharpe Economics participate personally, by telephone or in person, and am available tomorrow, Friday, December 10, 2021, at 2:00 pm or 3:00 pm.

Sincerely,

**ANDRUS LAW FIRM, LLC**

*Randy M. Andrus*

**RANDY M. ANDRUS**
Attorney at Law



RANDY M. ANDRUS
TRIAL LAWYER
OFFICE: 801.535.4645
RANDY@ANDRUSFIRM.COM
WWW.ANDRUSFIRM.COM

299 SOUTH MAIN STREET, SUITE 1395
SALT LAKE CITY, UTAH 84111-2241

# MEET & CONFER LETTER #4

December 10, 2021

Jeremy Sharpe                                               via electronic mail
Sharpe Economics                                           jsharpe@sharpeecon.com
513 South 1425 West
Layton, Utah 84041

Lauren A. Shurman                                          via electronic mail
Michael R. Menssen                                         lauren.shurman@stoel.com
Stoel Rives LLP                                            michael.menssen@stoel.com
201 S. Main Street, Suite 1100
Salt Lake City, Utah 84111

Re:   *Tirhas Mitku v. Ultradent Products, Inc.*
      U.S. District Court, Utah, Case No. 1:19-cv-00414-HCN-JCB

Dear Mr. Sharpe, Ms. Shurman, and Mr. Menssen:

I was disappointed that despite requests, Mr. Sharpe and Ms. Shurman were not on the Meet & Confer Conference Call #2 today.  I thought we could have found solutions if everyone were cooperative and participated.  That did not happen. As it turned out, Mr. Menssen indicated repeatedly that he would have to contact and talk with Mr. Sharpe and to Ms. Shurman about a number of the issues and requested items.

My efforts have been, and still are, to obtain all documents from Mr. Sharpe/Sharpe Economics and counsel which I am entitled to receive and as allowed by *Federal Rules of Civil Procedure* including Rules 45 and 26(b)(4)(C). Among the documents under these Rules which I am entitled to receive, include those which:

    (i)    relate to compensation for the expert's study or testimony;

    (ii)   identify facts or data that the party's attorney provided and that the expert considered in forming the opinion to be expressed;

    (iii)  identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

I have outlined by multiple Meet & Confer Letters and multiple Meet & Confer calls that the objections are not well taken and evasive.  That was evident in the call today.

Page 2
Jeremy Sharpe, Sharpe Economics
Lauren A. Shurman, Michael R. Menssen, Stoel Rives LLP
December 10, 2021

It was discussed that apparently there may be other documents relating to the compensation for Mr. Sharpe's study or testimony [subsection (i)]. For example, we want to know about all documents reflecting Mr. Sharpe's study and testimony including documents such as time keeping. The invoice produced just three days ago (Sharep0293) is suspicious as it was not created/dated until November 30, 2021, and reflects 17.5 hours of time from presumably mid-October. Where are the time and billing records, notes, documents, etc. made before the invoice? Additionally, were there communications, emails, confirming emails, or other documents relating to compensation? Did Mr. Sharpe just pull out of the air, for example, that his fee was going to be $240/hour? Was there a retainer/fee/engagement agreement or other communication as is customary with hiring experts? It would be helpful to have had Mr. Sharpe on the call to answer these questions. Mr. Menssen stated he would have to contact Mr. Sharpe and talk about this with him. Mr. Menssen's email after the call today is self-serving and evasive. Mr. Menssen neither confirms (a) that Mr. Sharpe was contacted, nor (b) that Mr. Sharpe has produced **all** of his documents relating to compensation for his study or testimony, including the possibilities discussed above. It would be helpful to have Mr. Sharpe sign the Declaration of Custodian of Records to Accompany Copies of Records subpoenaed he has been provided. He can clear this up simply by signing and returning the Declaration Custodian of Records including for the records requested in the Subpoena. Again, if there is nothing to hide or being withheld, this should be simple solution. Please sign and return the Declaration.

Mr. Menssen and I also discussed the production of all documents, which: (ii) ***identify facts or data that the party's attorney provided*** **and** ***that the expert considered in forming the opinion*** to be expressed; and (iii) ***documents which identify assumptions that the party's attorney provided*** **and** ***that the expert relied on in forming the opinions*** to be expressed. I again pointed to documents referenced in Mr. Sharpe's report of October 22, 2021, page 2, items a. – o., all of which have *still not been produced*, including those records containing notes. There may well be other documents, but if not, Mr. Sharpe can clear this up by signing and returning the Declaration Custodian of Records. As pointed out, there are two sets of documents: **(1)** those provided by Mr. Menssen and his office to Mr. Sharpe [subsections (ii) and (iii)], ***and*** **(2)** Mr. Sharpe's actual documents which he actually considered in forming his opinion(s) [subsection (ii)] ***and*** Mr. Sharpe's actual documents which he relied on in forming the opinion(s) [subsection (iii)]. As I explained to Mr. Menssen, it is irrelevant what documents I might have because documents under (1) and (2) are documents Mr. Menssen and Mr. Sharpe have not yet been shared with me. That's why the Rules allow me to obtain subsection (ii) and (iii) documents. Finally, today, Mr. Menssen agreed to produce item **(1)**. His email after today's conference call purports to do so; however, I just received them today and will have to review them. Mr. Menssen's email today did **not** provide the communication or email which accompanied the documents his office provided to Mr. Sharpe. I also still do not have item **(2)** documents. I have not seen the ***actual documents*** which Mr. Sharpe ***actually considered or relied upon***. Mr. Menssen's email today, evades production of Mr. Sharpe's item (2) documents by suggesting that cites in the document sources are adequate. That misses the mark. Subsections (ii) and (iii) require production of Mr. Sharpe's item (2) documents. Please produce them.

Page 3
Jeremy Sharpe, Sharpe Economics
Lauren A. Shurman, Michael R. Menssen, Stoel Rives LLP
December 10, 2021

If, as Mr. Menssen represented today, the privilege log contains all of the communications and documents between Mr. Menssen and his office and Mr. Sharpe, then  it is all the more reason that it would be helpful to confirm with Mr. Sharpe by his signing the Declaration of Custodian of Records. Mr. Sharpe, if there are other documents, including as requested in the Subpoena served on you, please identify them.

Given the difficulties as discussed in the Meet & Confer Letters and the Meet & Confer Conference Calls, and because questions remain and additional documents which need to be identified, clarified, produced, received, and reviewed, I have been prevented from a fair deposition of Mr. Sharpe. Mr. Menssen's characterization that the deposition was unilaterally cancelled is inaccurate.  It was not. I will not be sandbagged.  As I did in the conference call today, I again request that you all provide me with available, mutually-convenient dates for the completion of the suspended deposition of Mr. Shape.  The date of December 16, thrown out by Mr. Menssen as a possibility, does not work.  Mr. Sharpe's deposition was noticed *before* the expert discovery cut off of December 17.  It appears that a mutually-convenient date will have to be after December 17 given the outstanding issues discussed above, my being out of state next week, and the upcoming holidays.  I am hopeful that it will not be necessary to involve the Court and that we can work cooperatively and with professional courtesy in finding such a date particularly given our cooperative history in this case thus far.

Sincerely,

**ANDRUS LAW FIRM, LLC**

*Randy M. Andrus*

**RANDY M. ANDRUS**
Attorney at Law