Lauren A. Shurman (#11243)
lauren.shurman@stoel.com
Michael R. Menssen (#15424)
michael.menssen@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone: (801) 328-3131

*Attorneys for Defendant Ultradent Products, Inc., Jeremy Sharpe and Sharpe Economics*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIRHAS MITKU,<br><br>             Plaintiff,<br><br>v.<br><br>ULTRADENT PRODUCTS, INC.;<br>DOES 1 through 50,<br><br>             Defendant. | **ULTRADENT'S, JEREMY SHARPE'S, AND SHARPE ECONOMICS' RESPONSE TO PLAINTIFF'S SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:19-cv-00414-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

In her Discovery Motion, Plaintiff seeks documents that have already been produced or do not exist. Even if Plaintiff's Motion is granted, neither Jeremy Sharpe, Sharpe Economics (collectively, "Sharpe"), or Ultradent (together with Sharpe, "Ultradent") have anything to produce.

**I.       All Non-Privileged Documents Have Been Disclosed.**

Ultradent fully complied with FRCP 26(a)(2)'s requirement to disclose facts or data that Sharpe considered when forming his opinion. Sharpe's report lists all information he relied upon and attaches all non-record documents relied upon. The report contains extensive footnotes identifying the source of each fact on which the opinion is based. Following Plaintiff's initial meet-and-confer letter, Ultradent even produced record documents that were cited by Sharpe, even though Plaintiff already possessed those documents.

Nevertheless, Plaintiff served a subpoena on Sharpe looking for additional documents, the majority of which are expressly protected from disclosure by Rule 26(b)(4), including communications with counsel and draft reports. Ultradent objected on privilege grounds and responded to each request by stating either (i) there were not any non-privileged responsive documents,[1] (ii) all non-privileged responsive documents were already produced, or (iii) additional documents would be produced in connection with the response. These additional documents were produced simultaneously with the response[2]—contradicting Plaintiff's false

---

[1] Ultradent provided a privilege log to Plaintiff. Plaintiff has not challenged Ultradent's privilege assertion.

[2] The additional production included 251 pages of articles and statistics related to Sharpe's opinion and three of Sharpe's working spreadsheets. (The report had already included the cited statistics.)

claim that Sharpe produced no documents in response to the subpoena. *See* Exhibit 2.

Plaintiff's Motion focuses on three categories of communications not protected under Rule 26(b)(4)(C). Ultradent does not dispute that it must produce these documents if they exist, but they don't. Counsel did not communicate facts, data, or assumptions to Sharpe that he considered or relied on. Rather, Ultradent provided Sharpe with documents to review (transcripts, pleadings, discovery responses), and Sharpe relied on facts from those documents for his opinion.[3] Ultradent has told Plaintiff this, but Plaintiff apparently does not believe it. Yet the report itself verifies this. The footnotes provide the sources for the facts, data, or assumptions that Sharpe relied upon. Every source comes from a document already disclosed; none comes from communications with counsel.

## II.   No Good Cause Exists to Extend Discovery.

The schedule has already been extended six times. Plaintiff cannot show good cause to amend it again. FRCP 16(b)(4). Plaintiff had sufficient time to take Sharpe's deposition. Indeed, the deposition was set for December 9, but Plaintiff unilaterally cancelled at the last minute, claiming he needed additional documents. But Ultradent has repeatedly told Plaintiff there are no additional documents. If Plaintiff was skeptical, Plaintiff could have asked Sharpe in his deposition if the footnotes were accurate and whether he relied on communications from counsel. Plaintiff's unsupported belief in non-existent documents does not provide good cause to extend the schedule a seventh time.[4]

---

[3] Compensation was likewise discussed verbally.

[4] If expert deadlines are extended, the dispositive motion deadline should be also.

DATED: December 23, 2021.

        STOEL RIVES LLP

        */s/ Lauren A. Shurman*
        Lauren A. Shurman
        Michael R. Menssen

        *Attorneys for Defendant Ultradent Products, Inc., Jeremy Sharpe and Sharpe Economics*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2021, I caused a true and correct copy of the foregoing **ULTRADENT'S, JEREMY SHARPE'S, AND SHARPE ECONOMICS' RESPONSE TO PLAINTIFF'S SHORT FORM DISCOVERY MOTION** to be served via email upon the following:

Randy M. Andrus
ANDRUS LAW FIRM, LLC
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2241
randy@andrusfirm.com

/s/ Rose Gledhill